UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| SEVAN KAYAIAN, | ) | 1:06-cv-1635-OWW-SMS |
| | ) | |
| Plaintiff, | ) | FINDINGS AND RECOMMENDATION TO |
| | ) | DISMISS ACTION WITH PREJUDICE |
| v. | ) | (DOC. 1) |
| | ) | |
| CITY OF FRESNO | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff is proceeding pro se and in forma pauperis with a civil action.[1] The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Rules 72-302 and 72-304.

I. Screening the Complaint

In cases wherein the plaintiff is proceeding in forma pauperis, the Court is required to screen cases and shall dismiss the case at any time if the Court determines that the allegation of poverty is untrue, or the action or appeal is frivolous or

---

[1] By separate order, the Court has granted Plaintiff's application to proceed in forma pauperis and has denied Plaintiff's motion for the appointment of counsel.

1

malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. 1915(e)(2).

Fed. R. Civ. P. 8(a) provides:

> A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks. Relief in the alternative or of several different types may be demanded.

A complaint must contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which the defendants engaged in that support Plaintiff's claim. Id.  Although a complaint need not outline all elements of a claim, it must be possible to infer from the allegations that all elements exist and that there is entitlement to relief under some viable legal theory. Walker v. South Cent. Bell Telephone Co., 904 F.2d 275, 277 (5th Cir. 1990); Lewis v. ACB Business Service, Inc., 135 F.3d 389, 405-06 (6th Cir. 1998).

In reviewing a complaint under this standard, the Court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Trustees of Rex Hospital, 425 U.S. 738, 740 (1976), construe the pro se pleadings liberally in the light most

favorable to the Plaintiff, <u>Resnick v. Hayes</u>, 213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor, <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421 (1969).

If the Court determines that the complaint fails to state a claim, leave to amend should be granted to the extent that the deficiencies of the complaint can be cured by amendment. <u>Lopez v. Smith</u>, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc). A complaint, or a portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that the Plaintiff can prove no set of facts, consistent with the allegations, in support of the claim or claims that would entitle him to relief. See <u>Hishon v. King & Spalding</u>, 467 U.S. 69, 73 (1984), citing <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957); see also <u>Palmer v. Roosevelt Lake Log Owners' Ass'n., Inc.</u>, 651 F.2d 1289, 1294 (9th Cir. 1981). Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the Plaintiff cannot prevail on the facts that he has alleged and that an opportunity to amend would be futile. <u>Lopez v. Smith</u>, 203 F.3d at 1128.

A claim is frivolous if it lacks an arguable basis either in law or fact. <u>Neitzke v. Williams</u>, 490 U.S. 319, 324 (1989). A frivolous claim is based on an inarguable legal conclusion or a fanciful factual allegation. <u>Id.</u> A federal court may dismiss a claim as frivolous if it is based on an indisputably meritless legal theory or if the factual contentions are clearly baseless. <u>Id.</u>

The test for malice is a subjective one that requires the Court to determine whether the applicant is proceeding in good

Case 1:06-cv-01635-OWW-SMS   Document 7   Filed 12/22/06   Page 4 of 9

faith. Kinney v. Plymouth Rock Squab. Co., 236 U.S. 43, 46 (1915); see Wright v. Newsome, 795 F.2d 964, 968 n. 1 (11th Cir. 1986). A lack of good faith is most commonly found in repetitive suits filed by plaintiffs who have used the advantage of cost-free filing to file a multiplicity of suits. A complaint may be inferred to be malicious if it suggests an intent to vex the defendants or abuse the judicial process by relitigating claims decided in prior cases, Crisafi v. Holland, 655 F.2d 1305, 1309 (D.C.Cir. 1981); if it threatens violence or contains disrespectful references to the Court, id.; or if it contains untrue material allegations of fact or false statements made with knowledge and an intent to deceive the Court, Horsey v. Asher, 741 F.2d 209, 212 (8th Cir. 1984).

II. Plaintiff's Complaint

On November 14, 2006, Plaintiff filed a single-page complaint naming the City of Fresno as Defendant. Plaintiff alleges that a woman was arrested for prostitution; it appears that he alleges that this was wrong because most of the woman who are prostitutes do so because they were molested as children, and now the city is violating them again by arresting them. Plaintiff requests that the Court legalize prostitution because, "They are people too!"

A. Subject Matter Jurisdiction

First, the Court notes that Plaintiff states no facts upon which jurisdiction in this Court may be based.

Federal courts are courts of limited jurisdiction; this Court has a duty to determine its own subject matter jurisdiction, and lack of subject matter jurisdiction can be

4

raised on the Court's own motion at any time. Fed. R. Civ. P. 12(h)(3); CSIBI v. Fustos, 670 F.2d 134, 136 n. 3 (9th Cir. 1982) (citing City of Kenosha v. Bruno, 412 U.S. 507, 511-512 (1973)). A federal court is under a continuing duty to dismiss an action where it appears that the court lacks jurisdiction. Billingsley v. C.I.R., 868 F.2d 1081, 1085 (9th Cir. 1989). It is Plaintiff's burden to allege a short and plain statement of the grounds upon which the Court's jurisdiction depends unless the Court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it. Fed. R. Civ. P. 8(a)(1); McNutt v. Gen. Motors Acceptance Corp. of Ind., 298 U.S. 178, 189 (1936).

> Further, Local Rule 8-204 provides:
>
> When an affirmative allegation of jurisdiction is required pursuant to Fed. R. Civ. P. 8(a)(1), it (i) shall appear as the first allegation of any complaint, petition, counterclaim, cross-claim or third party claim; (ii) shall be styled "Jurisdiction," (iii) shall state the claimed statutory or other basis of federal jurisdiction, and (iv) shall state the facts supporting such jurisdictional claim.

Here, the only facts referred to concern conduct which is criminal conduct pursuant to state law; Plaintiff has not alleged that there was any denial of federal rights or other basis for federal jurisdiction. Further, because Plaintiff's complaint concerns state punishment for conduct that is admittedly criminal, it does not appear that Plaintiff could allege any set of facts in support of his claim upon which jurisdiction could be founded.

### B. Failure to State a Claim upon Which Relief May Be Granted

Rule 8(a) expresses the principle of notice pleading, whereby the pleader need only give the opposing party fair notice

of a claim. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Rule 8(a) does not require an elaborate recitation of every fact a plaintiff may ultimately rely upon at trial, but only a statement sufficient to give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. Id. at 47.

In this instance, the Court finds that Plaintiff has failed to identify any particular officer or city agent involved in the conduct. There is no identification of the prostitute or of the specific incident in question. No facts are stated that are sufficient to put the Defendant on notice of the claim.

Again, because Plaintiff is seeking a change in state law based on nothing other than a generalized and personal sense of fairness, it does not appear that Plaintiff could allege facts that would give notice of a claim upon which relief could be granted.

Further, Plaintiff is seeking relief in the form of legislation, relief which this Court is not empowered to grant. It is not the function of the judiciary to legislate. Plaintiff's complaint is more appropriately directed to a legislative body or representative.

### C. Section 1983

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law]... subjects, or causes to be subjected, any citizen of the United States... to the deprivation of any rights, privileges, or immunities secured by the Constitution... shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

6

42 U.S.C. § 1983. To state a claim pursuant to § 1983, a plaintiff must plead that defendants acted under color of state law at the time the act complained of was committed and that the defendants deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States. Gibson v. United States, 781 F.2d 1334, 1338 (9th Cir. 1986).

Further, the statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658, (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Because Plaintiff has failed to link the named defendants with some affirmative act or omission, Plaintiff's complaint must be dismissed.

In light of the fact that the alleged wrong is arrest by the state authorities for admittedly criminal conduct, it does not appear that Plaintiff could allege any facts in support of a § 1983 claim with respect to the incident in question.

### D. Frivolity

Finally, it appears that Plaintiff's claim is frivolous

because it lacks an arguable basis in law. The conduct in question (arrest for prostitution) is not alleged to be unlawful or improper; it is not alleged that the person arrested was arrested without cause. Instead, Plaintiff's claim is that a lawful arrest for admittedly unlawful activity occurred, and Plaintiff believes that it was unfair because of remote sociological causes. Plaintiff seeks relief in the way of legislation. Plaintiff's claim is based on an undisputedly meritless legal theory. Thus, it may be considered frivolous.

### III. Recommendation

For the reasons discussed above, it IS RECOMMENDED that the Court dismiss this action without leave to amend and with prejudice because 1) the complaint fails to state facts constituting a basis for this Court's subject matter jurisdiction; 2) the complaint fails to state a claim upon which relief may be granted; 3) Plaintiff's complaint is legally frivolous; and 4) any attempt at amendment would be futile.

This report and recommendation is submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections. The Court will then

review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   December 22, 2006**             /s/ Sandra M. Snyder
icido3                                            UNITED STATES MAGISTRATE JUDGE